# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECUSAL

### NO. 03-05-00585-CR
### NO. 03-05-00586-CR

**Ex parte James W. Ellis**

### NO. 03-05-00589-CR
### NO. 03-05-00590-CR
### NO. 03-05-00591-CR
### NO. 03-05-00592-CR
### NO. 03-05-00593-CR
### NO. 03-05-00594-CR
### NO. 03-05-00595-CR
### NO. 03-05-00596-CR
### NO. 03-05-00597-CR
### NO. 03-05-00598-CR
### NO. 03-05-00599-CR
### NO. 03-05-00600-CR
### NO. 03-05-00601-CR
### NO. 03-05-00602-CR
### NO. 03-05-00603-CR

**Ex parte John Dominick Colyandro**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. 9040564, 9040565, 9040566, 9040567, 9040568, 9040569, 9040570, 9050571, 9040572, 9040573,
9040574, 9040575, 9040576, 9040577, 9040598,
D-1-DC-2005-904121, & D-1-DC-2005-904122
HONORABLE BOB PERKINS, JUDGE PRESIDING**

<u>STATEMENT ON TEXAS RULE OF APPELLATE</u>
<u>PROCEDURE 16.3(b) CERTIFICATION</u>

In late 2005, I was assigned to hear the appeals of the trial court's rulings on pretrial applications for writs of habeas corpus filed in these cases. Upon notice of the assignment, I followed my standard practice in evaluating whether disqualification was required or recusal was appropriate. There was no basis for disqualification and recusal was not appropriate. While judges have an obligation to recuse themselves where recusal is appropriate, there is a corresponding obligation for judges not to recuse themselves where recusal is not warranted. *Kirby v. Chapman*, 917 S.W.2d 902, 909 (Tex. App.—Fort Worth 1996, no writ) (quoting *Rogers v. Bradley*, 909 S.W.2d 872, 879 (Tex. 1995) (Enoch, J., quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992))). On September 23, 2008, after the panel opinion in these cases had been issued, the district attorney filed a motion to recuse me from en banc reconsideration and consideration of his motion for rehearing. I considered the district attorney's motion as required by Texas Rule of Appellate Procedure 16.3 and on September 25, 2008, I declined to remove myself from the pending proceedings, informed the remainder of the court of my decision, and certified the matter to the entire court. My decision not to recuse myself when originally assigned, as well as my decision not to recuse myself at this point in the proceedings, are based on the following.

- I did not and do not have a bias for or against any party in these cases or in other cases that might be affected by these cases. I did not and do not have a personal bias or prejudice as to the subject matter of these criminal habeas corpus proceedings. If I had a personal bias or prejudice in these cases or was not impartial, I would have recused myself promptly and without hesitation as I have done in other matters.

2

- I have never represented, counseled, met with, or had any contact with either of the Appellants, Mr. Ellis or Mr. Colyandro.

- Although he is not a party to these cases, Tom DeLay appears to be the focal point of interest because of the possibility that the rulings in these cases might impact his criminal proceedings. Thus, it is relevant to note that I have never represented, counseled, met with, or had any contact with Mr. DeLay.

- I had not formed any opinion regarding the issues presented in these criminal pretrial habeas corpus proceedings—(1) the facial constitutionality of the particular election code provisions in question, and (2) the proper interpretation to be given the pre-2005 money laundering statute including the legal question of whether the court should reach the interpretation issue in the context of a pretrial habeas corpus proceeding—before being assigned to the cases. I had not researched these issues, nor were they part of any work I did in private practice.

- I did not and do not have any personal knowledge of any disputed evidentiary facts in these criminal habeas corpus proceedings. As a legal matter, there are no disputed evidentiary facts in these types of pretrial proceedings. Nonetheless, I do not have any personal knowledge of any of the facts alleged in the criminal indictments at issue in these cases, whether they are ultimately disputed or not.

- In 2004, I represented Texans For Lawsuit Reform ("TLR") in its efforts to resist a third-party document request from the plaintiffs in the civil lawsuit *Clayton, et al. v. Texans For a Republican Majority, et al.* TLR was not a party to that civil suit and was not involved in it other than receiving and successfully resisting a third-party document request. The plaintiffs' underlying claims against the named defendants were not made against TLR and were not at issue in the work I did in objecting to the document request. Mr. Ellis and Mr. Colyandro were not parties to the third-party document request dispute. As retained litigation counsel for TLR, I represented TLR in successfully resisting a third-party document request. I did not represent any party with respect to either of the legal questions before me in these criminal habeas corpus proceedings. The parties and the legal and factual issues involved in the third-party document request dispute were different from those in these cases.

- As retained litigation counsel for TLR with respect to the third-party document request in the *Clayton* civil suit, I pointed out to the court that the document request served on TLR was served by lawyers who, in addition to representing the plaintiffs in the civil suit, also represented Texans For Public Justice ("TPJ"), a political opponent of TLR. It was TLR's view—a view that I communicated to the court as TLR's lawyer—that the lawyers for the plaintiffs were attempting to use the discovery process in the civil suit to inappropriately advance TPJ's ongoing political battle with TLR. The primary point of TLR's pleadings was to illustrate that the underlying claims made by the *Clayton* plaintiffs against the

3

*Clayton* defendants, whether meritorious or not, had nothing to do with TLR. The fact that TLR viewed the *Clayton* civil suit as "politically motivated" is neither surprising nor a comment on the merits of the claims in the *Clayton* suit. It certainly does not demonstrate or evidence a personal bias or lack of impartiality on my part with respect to the unrelated legal issues in these criminal habeas corpus proceedings.

- The State was not a party to the civil suit. The State's money laundering charges against Mr. Ellis and Mr. Colyandro, being criminal charges, were not at issue in the civil suit. The legal questions that I considered in these criminal proceedings—having to do with whether the State's prosecution may be attacked by way of a pretrial writ of habeas corpus—were not at issue in the third-party document request dispute in which I participated as counsel for TLR.

- The district attorney's office was either aware or should have been aware of my representation of TLR with respect to the third-party document request in the civil suit both when I was assigned to these criminal cases and during the time they have been pending. My work on behalf of TLR relating to the third-party document request in the civil suit was a matter of public record, known to all of the parties and their lawyers in the case, and widely reported in 2006 when I was assigned to these criminal cases as well as a separate criminal case involving criminal conspiracy charges against Tom DeLay. The district attorney's office did not indicate to anyone at the time I was assigned to these cases that I should consider recusal or that they would seek to recuse me. The district attorney's office, in fact, did not seek to recuse me either in these cases or in the prior case involving criminal conspiracy charges. I served in the criminal conspiracy case through its finality at the Court of Criminal Appeals, without the district attorney making a comment or objection. I served in these habeas corpus cases until the panel opinion was published, without the district attorney making a comment or objection. It is significant to note that the district attorney, in his recusal motion, has not claimed that he was unaware of my representation of TLR in the *Clayton* third-party document dispute. He has only alleged that he was not aware of what was written in the publicly-filed pleadings until immediately after our court's decision in these cases. This is a distinction without legal significance from the standpoint of promptly and properly looking into and raising a recusal issue.

The distinction between the legal issues and parties involved in these criminal habeas corpus proceedings and the third-party document request dispute is an important distinction. The district attorney asserts that the civil lawsuit originated from the "same matter in controversy" as these criminal proceedings, and suggests that this somehow affects whether I should consider the

4

motions for rehearing in these cases. This allegation is wrong, but more importantly, it is irrelevant to whether I should recuse myself. I was not a lawyer representing any party to the civil suit. I represented a nonparty in resisting a third-party document request. The parties to the third-party document request dispute are not the same as the parties to these cases, and the legal issues involved are not the same. These criminal habeas corpus proceedings involve two entirely different legal issues that were not involved in the third-party document request dispute.

The parties to the third-party document request dispute in the *Clayton* civil suit—the plaintiffs and TLR—are not parties to these criminal habeas corpus cases. I have not represented, counseled, advised, or met with any parties to the criminal habeas corpus proceedings. The legal and factual issues I dealt with as retained counsel for TLR in connection with the third-party document request dispute are not the same as or related to the constitutional and habeas corpus issues I addressed as a judge in the these cases. Neither my limited and brief involvement in resisting the third-party document request in the *Clayton* civil suit nor anything else has caused me to form a bias or prejudice regarding the parties or subject matter in these criminal habeas corpus cases. I do not believe that a reasonable person in possession of *all* of the facts would reasonably question my impartiality. Justice Brian Quinn of the Amarillo Court of Appeals has eloquently stated the movant's obligations when seeking to recuse a qualified judge:

> First, it is beyond gainsay that jurists have a duty to entertain and resolve pending causes unless disqualified or legitimately recused. Thus, one assessing the ability of a jurist to perform his duties *viz-a-viz* a particular matter must begin with the premise that he is qualified and entitled to sit until proven otherwise. More importantly, to prevent the jurist from sitting takes more than mere innuendo and conclusory allegations. Rather, those endeavoring to remove him must tender proof establishing

5

> the purported disqualification or basis for recusal. Simply put, they must prove, through admissible evidence, that the judge cannot sit.

*Williams v. Viswanathan*, 65 S.W.3d 685, 690 (Tex. App.—Amarillo 2001, no pet.) (citations omitted).

The district attorney has not and cannot satisfy this burden. Nor has he filed his motion to recuse in a timely manner. Consequently, I do not believe there was or is a basis to recuse myself from these cases.

_____

G. Alan Waldrop, Justice

Filed: December 31, 2008

Publish

6